UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| BRYAN D. M., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:18-cv-04195-SLD-JEH |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court is Petitioner Meredith E. Marcus's—attorney for Plaintiff Bryan D. M.—Unopposed Petition for Attorney Fee Pursuant to § 206(b)(1), ECF No. 22. For the following reasons, the petition is GRANTED.

BACKGROUND

On September 25, 2018, Bryan filed a complaint seeking review of the Acting Commissioner of Social Security's ("the Commissioner") final decision denying his claims for disability insurance benefits and supplemental security income. Compl. 1, ECF No. 1. This Court reversed the Commissioner's decision and remanded Bryan's case to the Commissioner for further proceedings. June 21, 2019 Order 1–2, ECF No. 17. On remand, an administrative law judge ("ALJ") issued a decision partially in favor of Bryan. Pet. Att'y Fee 1. The Social Security Administration awarded Bryan $78,900.00 in total past-due benefits. *See* Bryan Not. Award 4, ECF No. 22-1 at 1–7 (indicating past-due benefits of $51,164.00 for Bryan as the main beneficiary); A. L. M. Not. Award 5, ECF No. 22-1 at 8–12 (indicating past-due benefits of $13,868.00 for auxiliary beneficiary A. L. M.); B. C. M. Not. Award 5, ECF No. 22-1 at 13–17

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted for her predecessor. The Clerk is directed to update the docket accordingly.

1

(indicating past-due benefits of $13,868.00 for auxiliary beneficiary B. C. M.); *see also* Pet. Att'y Fee 1–2 (noting that a total of $18,791.00 was withheld from past-due benefits to pay Bryan's representative but that 25 percent of $78,900.00 actually comes to $19,725.00).

Bryan agreed to pay his attorneys 25 percent of all past-due benefits. *See* Fee Contract 1, ECF No. 22-2. Petitioner represents that she received $7,257.87 in compensation for her work before the Court pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1). Pet. Att'y Fee 2. Petitioner requests that the Court award Frederick J. Daley, Jr., as principal attorney of Daley Disability Law, P.C., $13,725.00—calculated by subtracting the $6,000.00 she received for representing Bryan at the administrative level of review from $19,725.00, which represents 25 percent of all past-due benefits[2]—and affirms that she will refund the $7,257.87 she received in EAJA fees to Bryan. *Id*. at 2, 5. The Commissioner does not oppose this request. *Id*. at 5.

## DISCUSSION

The Social Security Act allows a court to award "a reasonable fee for . . . representation" of a claimant who prevails in court. 42 U.S.C. § 406(b)(1)(A). This fee must not be "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." *Id*.; *see also Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002) ("The fee is payable out of, and not in addition to, the amount of [the] past-due benefits." (alteration in original) (quotation marks omitted)). In

---

[2] The Court presumes that Petitioner has subtracted the $6,000.00 she received for representing Bryan before the agency from the $19,725.00 constituting 25 percent of past-due benefits so that the aggregate amount of fees she receives for representing Bryan does not exceed 25 percent of past-due benefits. The Supreme Court has recently clarified, however, that an attorney may recover the lessor of $6,000.00 or 25 percent of past-due benefits for representing a Social Security claimant at the administrative level of review pursuant to 42 U.S.C. § 406(a) *in addition to* an amount not in excess of 25 percent of past-due benefits for representing the claimant before a court pursuant to 42 U.S.C. § 406(b). *See Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) ("[T]he 25% cap in § 406(b)(1)(A) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)."). Nevertheless, the Court will not second-guess Petitioner's request of $13,725.00 for representing Bryan before the Court.

2

considering whether the requested amount is reasonable, the court looks to the "character of the representation and the results the representative achieved." *See Gisbrecht*, 535 U.S. at 808. "If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Id*. And "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id*.

The $13,725.00 requested for attorney's fees here is consistent with the fee agreement. And the Court finds that the amount is reasonable. Bryan's counsel spent 34.05 hours litigating this case in court, with a further 5.65 hours performed by non-attorneys. Time Log 1–2, ECF No. 22-4. Counting only the work performed by attorneys results in an effective hourly rate of $403.08. Other courts in the Seventh Circuit have approved awards that result in effective rates of nearly double this amount. *See, e.g.*, *Hopkins v. Saul*, CAUSE NO.: 4:17-CV-36-TLS-JEM, 2020 WL 2466182, at *2 (N.D. Ind. May 13, 2020) (effective hourly rate of $703.80); *Hoover v. Saul*, CAUSE NO.: 1:16-CV-427-TLS, 2019 WL 3283047, at *2 (N.D. Ind. July 22, 2019) (effective hourly rate of $800.00). The Court further notes that this rate is reasonable in light of Petitioner's lengthy history of representing claimants in Social Security cases and the contingent nature of such cases.[3]  *See Hoover*, 2019 WL 3283047, at *2 (noting that the effective rate was "well within the range of reasonableness given the [p]laintiff's attorney's years of experience, the contingent nature of this representation, and the fees that have been approved in similar cases

---

[3] A study cited by the Seventh Circuit Court of Appeals in 2011 suggested that only approximately 35 percent of Social Security cases appealed to district courts ultimately result in an award of benefits. *See Martinez v. Astrue*, 630 F.3d 693, 695 (7th Cir. 2011).  An attorney who represents Social Security claimants is unlikely to get fees from most of his clients if few of them receive benefits. The amount he receives from clients who do get an award of past-due benefits, then, must be sufficient to incentivize him to represent the other clients for whom he may not get paid. *Cf. Rasmussen v. Colvin*, No. 10 C 2344, 2013 WL 4537316, at *3 (N.D. Ill. Aug. 27, 2013) ("Moreover, because only 35% of disability appeals result in benefit awards, Counsel's effective hourly rate for all Social Security disability claims cases handled is substantially less than the $998 per hour realized in this case." (citing *Martinez*, 630 F.3d at 695)).

in this District"). Moreover, the results achieved for Bryan—nearly $80,000.00 in past-due benefits—are great, further justifying the amount of fees to be awarded to Bryan's court counsel. *See, e.g.*, *Mora v. Saul*, No. 1:18-cv-00739-SEB-TAB, 2019 WL 5566444, at *2 (S.D. Ind. Oct. 28, 2019) (considering the amount of benefits the plaintiff was awarded).

Petitioner has already received $7,257.87 in attorney's fees pursuant to the EAJA. *See* Aug. 8, 2019 Order 6–7, ECF No. 21; Pet. Att'y Fee 2. An attorney cannot recover fees under both 42 U.S.C. § 406(b) and the EAJA; he must either refund the amount awarded under the EAJA to the client or offset that amount from the requested § 406(b) award. *See Gisbrecht*, 535 U.S. at 796; *Lightner v. Saul*, Case No. 3:17-CV-00206-JD, 2020 WL 2219171, at *1 (N.D. Ind. May 7, 2020). Here, Petitioner indicates that she wishes to refund the $7,257.87 received in EAJA fees to her client.

## CONCLUSION

Accordingly, the Unopposed Petition for Attorney Fee Pursuant to § 206(b)(1), ECF No. 22, is GRANTED. Frederick J. Daley, Jr., as principal attorney of Daley Disability Law, P.C., is awarded $13,725.00 in attorney's fees to be paid out of Plaintiff Bryan D. M.'s past-due benefits. Petitioner is directed to refund the $7,257.87 received in EAJA fees to Bryan.

Entered this 10th day of December, 2021.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE